UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

|  |  |
|---|---|
| In re: ) | Lead Case No. 1:03-cv-1000 |
| ) | |
| ) | CLASS ACTION |
| UNUMPROVIDENT CORP. ) | |
| ERISA BENEFITS DENIAL ACTIONS ) | MDL Case No. 1:03-md-1552 |
| ) | |
| ) | Chief Judge Curtis L. Collier |
| | |
| CAROL J. TAYLOR, ) | |
| ) | Case No. 1:03-cv-1009 |
| Plaintiff, ) | |
| ) | CLASS ACTION |
| v. ) | |
| ) | MDL Case No. 1:03-md-1552 |
| UNUMPROVIDENT CORP., et al., ) | |
| ) | Chief Judge Curtis L. Collier |
| Defendants. ) | |

## SECOND SUPPLEMENTAL MANAGEMENT ORDER

Before the Court is the third issue remaining in a motion posed by all defendants ("Defendants") in the above captioned cases requesting the Court issue a supplemental management order. Defendants' motion sought to clarify the Court's position on three issues: (1) whether any amendments to the pleadings can be made at this point in the litigation; (2) whether the stay entered on December 5, 2005 is still in effect; and (3) whether notice to putative class members and / or Court approval of settlement terms is required to effect a settlement of the remaining named Plaintiffs'[1] individual claims. Last month, the Court issued a supplemental management order which

---

[1] Defendants' motion lists eight named Plaintiffs remaining (Dauphinee, Gately, Harris, Jenkins, Keir, Rocco, Rombeiro, and Washington)(Court File No. 192). Subsequent to filing the motion, Defendants and Plaintiff Dauphinee filed a joint motion to dismiss (Court File No. 199). Therefore, the Court notes only seven named Plaintiffs Gately, Harris, Jenkins, Keir, Rocco, Rombeiro, and Washington ("remaining named Plaintiffs") remain.

disposed of the first two issues (Docket No. 1:03cv1000, Court File No. 202; Docket No. 1:03cv1009, Court File No. 132). In issuing this Order, the Court **GRANTS** Defendants' motion for a supplemental management order on the third issue.

In the October Supplemental Management Order, the Court ordered the mediator in these cases, the Hon. Robert P. Murrian ("Murrian"), to advise the Court whether or not the information contained in Defendants' motion, specifically with respect to the Defendants' disclosure Plaintiffs' desire to notify members of the putative class and/or obtain court approval before settlement of any remaining Plaintiffs' claim, was a breach of the confidentiality of the mediation process and, therefore, should not be considered by the Court. On November 10, 2006, Murrian filed a report to the Court (Docket No. 1:03cv1000, Court File No. 204). Murrian's report concluded the "legal/procedural" issue raised in the third issue of Defendants' motion was one "they perceive to be an obstacle to compromise" and "does not violate the rules established for the instant mediation" (Court File No. 204 at 3).

In their response brief, the remaining named Plaintiffs' Counsel explained they believe Plaintiffs, as "putative class representatives," have an "ethical and legal duty to put the interests of the class above any interests in the personal gain that might result from the settlement of an individual claim in the context of a pending class action." (Docket No. 1:03cv100, Court File No. 196 at 7). In support of this contention, the brief cites a 1978 case from the United States Court of Appeals for the Fourth Circuit which interpreted two United States Supreme Court cases from the late 1940s. These decisions were based upon a different, older version of the applicable federal rule governing settlements or voluntary dismissals of class actions and, as such, are irrelevant to the Court's decision in the present case.

The Court is unaware of any *current* rule or statute authorizing or requiring either notice to

putative class members or approval of the Court as a prerequisite to the remaining named Plaintiffs' settling their individual claims, including claims for attorney's fees. Fed. R. Civ. P. 23(e) sets out the procedure and requirements pertaining to settlements or voluntary dismissals of class actions. The provision "was completely rewritten in 2003 to strengthen the process of reviewing proposed class-action settlements, building on the experience gained since Rule 23 was amended in 1966." 7B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* §1797 (3d ed. 2006). "[T]he 2003 amendments make clear that Rule 23(e) only applies to the 'claims, issues, or defenses of a certified class.'" *Id.* As there is not a certified class in either of the cases, the Court finds the 2003 modifications to Rule 23(e) permit the individual settlement and dismissal of the remaining named Plaintiffs' claims without Court Order.

Accordingly, the Court **GRANTS** Defendants' motion for a supplemental management order on the third issue. As notice to putative class members is not authorized or required by rule or statute, the Court finds, as a matter of law, it is unnecessary to require notice in the event the remaining named Plaintiffs decide to settle their individual claims, including claims for attorney's fees. Further, although there is no statute or rule requiring the Court's approval for the remaining Plaintiffs to settle their individual claims, should the parties wish to seek the Court's approval of a settlement, the Court would agree to do so.

**SO ORDERED.**

**ENTER:**

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**